UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLUMBUS CHRIS WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 22-1331 |
| LA. DOC'S WARDEN AT EHCC, K. GUERIN, ET AL. | SECTION "I"(2) |

**REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (ECF No. 4) filed by plaintiff Columbus Chris Williams ("Williams") seeking voluntary dismissal of this 42 U.S.C. § 1983 suit based on his intent to pursue a separate federal habeas corpus petition. The motion and the underlying matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I. **Factual and Procedural Background**

   A. **Claims Asserted**

Plaintiff Williams is an inmate housed in the Elayn Hunt Correctional Center ("Hunt") in St. Gabriel, Louisiana. ECF No. 1, ¶II, at 2 (Deficient Complaint). He filed his complaint against defendants Hunt Warden K. Geurin, Secretary of the Department of Corrections James M. LeBlanc, and Louisiana Attorney General Jeff Landry. *Id*. at 1; *id*., ¶III(B)-(D), at 3-4. He used the form reserved for prisoner suits under § 1983, although he referenced "Writ of Habeas Corpus" at the top of the first page. *Id.* at 1. Williams alleges that, in March or April of 2004, he was placed in the Terrebonne Parish Jail on two "small" charges for which he was never arrested. *Id*.,

¶IV, at 5. He claims that he was fingerprinted and booked by a deputy who said another deputy would do the arrest, tell him the charges, and read him his rights, but that never happened. *Id*. at 9-10 (continuation of §IV, at 4). Although he went to trial, he was not arrested before that. *Id*.

Williams also claims that, in October of 2012, the Clerk of Court for the 32nd Judicial District Court provided him with an uncertified copy establishing that, going back to 1987-1988, he has never been arrested for these or any other charges, many of which have been the subject of prior lawsuits that he filed in this federal court. *Id*. at 11, 14. He asserts that he has never been legally arrested in 30 years yet has served 25 to 30 years in jails and prisons in violation of his constitutional rights. *Id*. at 12. In 2012, he sent the document back to the Clerk of Court to be certified, and the Clerk has not returned the document. *Id*. at 13.

Williams further claims that, since October of 2012, he filed numerous writs of habeas corpus with the 32nd Judicial District Court to no avail. *Id*. at 14. He filed for relief in the 18th Judicial District Court in Iberville Parish and the state court judge there dismissed his case, stating that there was no such thing as a writ of habeas corpus in the United States or Louisiana constitutions. *Id*. at 15.

As relief, Williams requests that he be officially released from prison after being held over 20 years on charges he did not commit and for which he was never formally or constitutionally arrested. *Id*., ¶V, at 5. He further asserts that he was never provided counsel and should be returned to the parish jail and not held in a state prison. *Id*.

B. **Williams' Complaint Remains Deficient**

The Clerk of this Court received Williams' form § 1983 complaint on May 12, 2022, but Williams failed to include a filing fee or application to proceed *in forma pauperis* with the

2

complaint. ECF No. 1. On May 19, 2022, the Clerk of Court sent Williams a notice of this deficiency, which required that Williams either pay the filing fee or submit a properly completed pauper application within twenty-one (21) days of the date of the notice. ECF No. 3.

In response to the notice, on June 3, 2022, Williams filed a motion to voluntarily dismiss his case "without perjury" because he meant to file a habeas corpus petition but has trouble accessing "anything legal" at Hunt. ECF No. 4, at 1. His motion also indicates that he is unable to get copies or assistance with filings. *Id*. Williams has neither paid the filing fee nor sought to proceed as a pauper in this action.

## II.     Standards of Review for Voluntary Dismissal under Fed. R. Civ. P. 41(a)

Rule 41(a)(1) of the Federal Rules of Civil Procedure governs a plaintiff's voluntary dismissal of a case before a defendant has filed responsive pleadings. The rule provides, *inter alia*, that a plaintiff may voluntarily dismiss an action without a court order and without consent of the defendants when the notice of dismissal is filed *before* opposing parties serve either an answer or motion for summary judgment.[1] When responsive pleadings have been filed, Rule 41(a)(2) governs a voluntary dismissal. In that case, the action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper.[2] The dismissal is without prejudice unless otherwise indicated.[3]

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second

---

[1] FED. R. CIV. PROC. 41(a)(1)(A)(i); *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (a unilateral dismissal by a plaintiff "[i]s permissible only before the defendant has filed an answer or a motion for summary judgment.").
[2] FED. R. CIV. PROC. 41(a)(2).
[3] *Id*.

3

lawsuit."[4] Thus, courts have discretion to grant a plaintiff's motion for voluntary dismissal and to attach conditions tailored to prevent unfair prejudice to the defendant.[5]

### III.  Analysis

Williams indicates that he wants to file a habeas petition rather than proceed under § 1983 and he seeks to dismiss this still-deficient § 1983 complaint. Technically, the captioned case has never been properly opened because of Williams failure to pay the filing fee or present a motion to proceed as a pauper, as required by the clerk of court's notice of deficiency. As a result, there has been no service on any defendant much less any responsive pleading. Consequently, Williams' motion could be considered a notice of voluntary dismissal under FED. R. CIV. PROC. 41(a)(1).

A plaintiff's voluntary dismissal under Rule 41(a)(l)(A)(i) is effective immediately and does not normally require further action by the court.[6] A plaintiff's expression of intent to voluntarily dismiss prior to the filing of responsive pleadings "itself closes the file. . . . There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone."[7]

In this case, Williams' request was fashioned as a motion and not construed by the Clerk to be a Rule 41(a)(1) voluntary dismissal. As a result, the undersigned addresses the motion in this Report and Recommendation and recommends that it be granted, dismissing Williams' complaint without prejudice as he requests. The Court finds that dismissal will not prejudice the defendants who have not been served or otherwise burdened by this suit.

---

[4] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).
[5] *Balestreri v. Metropolitan Life Ins. Co.*, 272 F. App'x 345, 346 (5th Cir. 2008).
[6] *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a FED. R. CIV. PROC. 41(a)(1)(A)(i) dismissal is "immediately self-effectuating" without any action by the court)).
[7] *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

To the extent that Williams' filing can be read as a motion to convert this case to a habeas petition, that request should be denied. Williams is no novice to the requirements for filing a case in federal court. Williams has filed at least 34 prior 42 U.S.C. § 1983 civil rights cases[8] and 9 habeas petitions under 28 U.S.C. § 2254 or § 2241[9] in this court alone since 2001. With numerous prior filings having been dismissed as frivolous or for failure to state a claim for which relief can be granted, Williams has been barred from proceeding as a pauper pursuant to the three-strikes rule under 28 U.S.C. § 1915(g), and has on occasion paid the filing fee to proceed with his § 1983 actions.[10] Williams has thus demonstrated his ability to obtain and utilize the proper forms from the clerk of court to seek his desired relief. He should be required to file a proper habeas proceeding on the proper form with the appropriate filing fee or pauper application, rather than allow him to perpetuate the life of this still-deficient civil, non-habeas proceeding.

## IV.    Recommendation

It is therefore **RECOMMENDED** that plaintiff Columbus Chris Williams' Motion to Dismiss (ECF No. 4) be **GRANTED**, and Williams' 42 U.S.C. § 1983 complaint be voluntarily **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[8] *See* Civil Action Nos. 01-1362"S"(3); 01-3693"T"(3); 01-3694 c/w 01-3695"T"(1); 01-3697"F"(2); 01-3730"S"(3); 01-3731"F"(1); 01-3732"M"(4); 01-3733"S"(1); 02-0443"K"(5); 02-495"K"(5); 02-599"T"(4); 02-1649"I"(1); 04-1006"A"(5); 04-1126"B"(1); 04-1133"C"(1); 04-1169"R"(3); 04-1170"C"(3); 04-1172"N"(2); 04-1173"KWR"(4); 04-mc-1174"R"(5); 04-1190"F"(5); 04-1194"B"(3); 04-1195"T"(5); 04-1255"K"(1); 06-4293"C"(3); 19-12929"I"(2); 19-12944"S"(5); 19-12945"D"(5); 19-12949"T"(5); 19-12950"H"(5); 21-1239"I"(2); and 21-1283"M"(4).
[9] *See* Civil Action Nos.03-0739"B"(2); 03-0774"B"(2); 04-1304"B"(2); 04-2095"B"(2); 04-2293"B"(2); 06-0163"B"(2); 07-603"B"(2); 07-602"A"(5); 10-1826"B"(2); 12-0552"B"(2).
[10] *See, e.g., Williams v. State of La.*, No. 04-1194"B"(3), ECF No. 2 (E.D. La. Apr. 29, 2004) (pauper denied under the three-strikes rule and filing fee thereafter paid by Williams).

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[11]

        New Orleans, Louisiana, this 17th day of June, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.